UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                Plaintiff,<br><br>v.<br><br>JARRED M. RUSH,<br><br>                Defendant. | Case No. 1:22-cr-00045-DCN<br><br>**MEMORANDUM DECISION AND ORDER** |

## I. INTRODUCTION

Before the Court is Defendant Jarred M. Rush's Motion for Early Termination of Supervised Release. Dkt. 4. The Government has filed an opposition to the Motion and the matter is ripe for the Court's consideration. Dkt. 5. Having reviewed the record and briefs, the Court finds that the facts and legal arguments are adequately presented. Accordingly, in the interest of avoiding further delay, and because the Court finds that the decisional process would not be significantly aided by oral argument, the Court will decide the Motion without oral argument. Dist. Idaho Loc. Civ. R. 7.1(d)(1)(B).[1] For the reasons set forth below, the Court finds good cause to DENY Defendant's Motion.

---

[1] Although this is a criminal case, the local civil rule regarding hearings applies as there is no corresponding criminal rule. *See* Dist. Idaho Loc. Crim. R. 1.1(f) (explaining that "all general provisions of the Local Rules of Civil Practice apply to criminal proceedings unless such provisions are in conflict with or are otherwise provided for by the Federal Rules of Criminal Procedure or the Local Rules of Criminal Practice").

MEMORANDUM DECISION AND ORDER - 1

## II. BACKGROUND

Jarred Rush pled guilty to Conspiracy to Commit Money Laundering. Dkt. 1. On October 7, 2021, the Court sentenced Rush to 24 months imprisonment to be followed by 3 years of supervised release. Dkt. 1. Rush completed his term of incarceration, and on November 3, 2021, began his term of supervised release. Rush has now served 2.5 years of his 3-year term of supervised release and requests early termination under 18 U.S.C. § 3583(e)(1). Dkt. 4.

## III. LEGAL STANDARD

Under 18 U.S.C. § 3583(e)(1), supervised release may be terminated any time after one year, pursuant to the applicable rules of criminal procedure, where a court determines such action is warranted by the conduct of the defendant released and the interest of justice. District courts retain broad discretion in determining whether to grant a motion to terminate supervised release. *United States v. Emmett*, 749 F.3d 817, 819 (9th Cir. 2014).

In making this determination, the court considers certain factors set forth in 18 U.S.C § 3553(a) including: (1) the nature and circumstances of the offense and the defendant's history and characteristics; (2) the need to afford adequate deterrence to criminal conduct, protect the public from further crimes of the defendant, and provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner; (3) the kinds of sentence and sentencing range established for the defendant's crimes; (4) pertinent policy statements issued by the United States Sentencing Commission; (5) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of

similar conduct; and (6) the need to provide restitution to any victims of the offense. 18 U.S.C. § 3583(e) (citing § 3553(a)(1–7)); *United States v. Weber*, 451 F.3d 552, 557–58 (9th Cir. 2006).

### IV. DISCUSSION

Rush represents that he has complied with the conditions of his release and has maintained employment. Dkt. 4.

The Government opposes the Motion. Dkt. 5. In its opposition to Rush's motion, the Government argues that the nature and circumstances of the offense are serious, that early termination of supervised release does not promote deterrence to both the Defendant and the general public, and that there is a need to protect the public and the Defendant due to a relapse in May 2022 while on supervised release. *Id.* at 5.

Having reviewed the relevant factors discussed in § 3583(e)(1), and § 3553(a)(1–7); Rush's filing; the Government's response; and the record herein, the Court denies the Motion. The nature and circumstances of the offense and the history and characteristics of Rush do not warrant early termination at this time. The Court congratulates Rush on his success in complying with his release conditions, reintegrating into his community, and maintaining employment. However, given the record in this case; the nature of the charges; the basis for the original sentencing; and Rush's history and characteristics, the Court finds neither the circumstances of this case nor the interests of justice warrant early termination under § 3583(e). Rush is encouraged to continue making good decisions and complying with the terms and conditions of his release.

## V. ORDER

NOW THEREFORE IT IS HEREBY ORDERED that:

1. Jarred Rush's Motion for Early Termination of Supervised Release (Dkt. 4) is **DENIED**.

DATED: May 16, 2024

_____
David C. Nye
Chief U.S. District Court Judge